UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

JAMES MURRAY,

                              Plaintiff,

                                                      9:04-CV-0805
v.                                                    (DNH/GHL)

C.O. BUSHEY,

                              Defendant.

―――――――――――――――――――――――――――――――

APPEARANCES:                              OF COUNSEL:

JAMES MURRAY, 95-A-4417
Plaintiff *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ANDREW M. CUOMO                      SENTA B. SIUDA, ESQ.
Attorney General for the State of New York
  Counsel for Defendant
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable David N. Hurd, United

States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff James

Murray alleges that Defendant C.O. Bushey[1] violated his rights under the Fourth and Eighth

――――――――――――

        [1]        Plaintiff also named the New York State Department of Correctional Services
("DOCS") as a defendant in both the original and the amended complaint.  (Dkt. Nos. 1 and 9.)
This Court dismissed DOCS as a defendant upon initial review of both the original and the
amended complaint.  (Dkt. Nos. 4 and 10.)

Amendments when he strip frisked Plaintiff on or about July 1, 2001.  (Dkt. No. 9.)  Currently

pending before the Court is Defendant's motion for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c).  (Dkt. No. 43.)  For the reasons that follow, I recommend

that Defendant's motion be denied as to Plaintiff's Fourth Amendment claim and granted as to

Plaintiff's Eighth Amendment claim.

I.      BACKGROUND

        A.      Summary of Plaintiff's Complaint

        The operative complaint is the amended complaint filed on March 2, 2005[2].  (Dkt. No. 9.)

Liberally construed, it alleges as follows:

        On or about July 1, 2001, Plaintiff was housed in the Special Housing Unit at Clinton

Correctional Facility.  (Dkt. No. 9 at ¶¶ 1-2.)  During recreation period, Defendant Correctional

Officer Bushey accused Plaintiff of possessing contraband.  (Dkt. No 9 at ¶¶ 3-4.)  After Plaintiff

told Defendant that he did not have any contraband, Defendant ordered Plaintiff to submit to a

strip frisk.  (Dkt. No. 9 at ¶¶ 5-7.)  Plaintiff complied with the order.  (Dkt. No. 9 at ¶ 8.)

Defendant frisked Plaintiff in front of numerous other inmates.  (Dkt. No. 9 at ¶ 17.)  The strip

frisk occurred "outside in the recreation cages where feces, urine and spit are thrown daily."

(Dkt. No. 9 at ¶ 20.)  During the strip frisk, Plaintiff cut his foot on a jagged edge of black top

and the wound became infected.  (Dkt. No. 9 at ¶ 21.)

        Plaintiff alleges that Defendant ordered the strip frisk "for no reason but to harass

Plaintiff."  (Dkt. No. 9 at ¶ 11.)  He claims that Defendant's actions violated DOCS' directives

_____

        [2]      The original complaint, filed on July 12, 2004, named many more defendants and
included allegations about incidents that occurred in the aftermath of the July 1, 2001, strip frisk.
(Dkt. No. 1.)

regarding the strip frisks, the Fourth Amendment and the Eighth Amendment.  (Dkt. No. 9 at ¶¶ 11-19.)  Plaintiff requests $10 million in compensatory damages, $1 in nominal damages, and $10 million in punitive damages.  (Dkt. No. 9 at 7.)

      **B.**     **Summary of Grounds in Support of Defendant's Motion**

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Dkt. No. 43.)  Defendant argues that (1) the alleged violations of DOCS' directives do not constitute constitutional violations actionable under 42 U.S.C. § 1983; (2) harassment is not an actionable constitutional violation; and (3) Plaintiff's allegations are vague. (Dkt. No. 43-2.)

      **C.**     **Summary of Plaintiff's Response to Defendant's Arguments**

In response, Plaintiff cites and summarizes several cases and argues that the public strip frisk was not justified or reasonable, that a violation of DOCS' policy can constitute a constitutional violation, that the strip frisk was performed in retaliation[3] for the filing of previous lawsuits, and that the complaint is not vague.  (Dkt. No. 49.)

**II.**    **LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).  Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  It has long been understood that a defendant

---

      [3]     Plaintiff's complaint does not allege that Defendant acted out of retaliatory motives.

may base such a motion on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Federal Rule of Civil Procedure 8(a)(2);[4] or (2) a challenge to the legal cognizability of the claim.[5]

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. By

---

[4]    *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[5]    *See* *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") [citation omitted]; *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 379 F. Supp.2d 348, 370 (S.D.N.Y. 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

requiring this "showing," Rule 8(a)(2) requires that the pleading contain a short and plain statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."[6]  The main purpose of this rule is to "facilitate a proper decision on the merits."[7]  A complaint that fails to comply with this rule "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims."[8]

The Supreme Court has long characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has repeatedly rejected judicially established pleading requirements that exceed this liberal requirement.[9]  However, it is well established that even this

---

[6]      *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) [citation omitted; emphasis added]; *see also Swierkiewicz*, 534 U.S. at 512 [citation omitted]; *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) [citation omitted].

[7]      *Swierkiewicz*, 534 U.S. at 514 (quoting *Conley*, 355 U.S. at 48); *see also Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.") [citation omitted]; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("[T]he principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.") [citations omitted].

[8]      *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, J.), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion); *accord*, *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *2 (S.D.N.Y. Nov. 30, 1998), *Flores v. Bessereau*, 98-CV-0293, 1998 WL 315087, at *1 (N.D.N.Y. June 8, 1998) (Pooler, J.).  Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history.  *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]).

[9]      *See, e.g.*, *Swierkiewicz*, 534 U.S. at 513-514 (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including]

liberal notice pleading standard "has its limits."[10]  As a result, several Supreme Court and Second Circuit decisions exist, holding that a pleading has failed to meet this liberal notice pleading standard.[11]

Most notably, in the recent decision of *Bell Atlantic Corporation v. Twombly*, the Supreme Court, in reversing an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1, "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 127 S. Ct. 1955, 1968-69 (2007).[12]

_____

averments of fraud or mistake.").

[10]    2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).

[11]    *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1974 (2007) (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Dura Pharm.*, 125 S. Ct. at 1634-1635, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).  Several unpublished decisions exist from the Second Circuit affirming the Rule 8(a)(2) dismissal of a complaint after *Swierkiewicz*.  *See, e.g.*, *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, at *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]).  Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, they appear to acknowledge the continued precedential effect, after *Swierkiewicz*, of certain cases from within the Second Circuit interpreting Rule 8(a)(2).  *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

[12]    The Court in *Twombly* further explained: "The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been adequately stated, it may be supported by showing any set of facts consistent with the allegations in the complaint. . . .  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's

Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the Rule 8 "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74.

More specifically, the Court reasoned that, by requiring that a pleading "show[] that the pleader is entitled to relief," Rule 8(a)(2) requires that the pleading give the defendant "fair notice" of (1) the nature of the claim and (2) the "grounds" on which the claim rests. *Id*. at 1965, n.3 [citation omitted]. While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. [citations omitted]. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*. at 1965 [citations omitted]. What this means, on a practical level, is that there must be "plausible grounds to infer [actionable conduct]," or, in other words, "enough fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id*.

As have other Circuits, the Second Circuit has repeatedly recognized that the clarified plausibility standard that was articulated by the Supreme Court in *Twombly* governs *all* claims, not merely antitrust claims brought under 15 U.S.C. § 1 (as were the claims in *Twombly*).[13] The

---

survival." *Twombly*, 127 S. Ct. at 1969.

[13]    *See, e.g., Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008) (in civil rights action, stating that "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted]; *Goldstein v. Pataki*, 07-CV-2537, 2008 U.S. App. LEXIS 2241, at *14 (2d Cir. Feb. 1, 2008) (in civil rights action, stating that "*Twombly* requires . . . that the complaint's '[f]actual allegations be enough to raise a right to relief above the speculative level . . . .'") [internal citation omitted]; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98, n.2 (2d Cir. 2007) ("We have declined to read Twombly's flexible 'plausibility standard' as relating only to antitrust cases.") [citation omitted]; *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (in prisoner civil rights action, stating, "[W]e believe

7

Second Circuit has also recognized that this *plausibility* standard governs claims brought even by *pro se* litigants (although the plausibility of those claims is be assessed generously, in light of the special solicitude normally afforded *pro se* litigants).[14]

It should be emphasized that Rule 8's plausibly standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which the Court stated, "Specific facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in detail the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley v. Gibson*, 355 U.S. 41, 47 [1957]).  That statement in no way meant that all pleadings may achieve the requirement of giving a defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests without ever having to allege any facts whatsoever.[15]  There must still be enough facts alleged to raise a right to relief above the

the [Supreme] Court [in *Bell Atlantic Corp. v. Twombly*] is . . . requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.") [emphasis in original].

[14]     *See, e.g.*, *Jacobs v. Mostow*, 281 F. App'x 85, 87 (2d Cir. March 27, 2008) (in pro se action, stating, "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'") [citation omitted] (summary order, cited in accordance with Local Rule 32.1[c][1]); *Boykin v. KeyCorp.*, 521 F.3d 202, 215-16 (2d Cir. 2008) (finding that borrower's *pro se* complaint sufficiently presented a "*plausible* claim of disparate treatment," under Fair Housing Act, to give lenders fair notice of her discrimination claim based on lenders' denial of her home equity loan application) [emphasis added].

[15]     For example, in *Erickson*, a district court had dismissed a *pro se* prisoner's civil rights complaint because, although the complaint was otherwise factually specific as to how the

speculative level to a plausible level, so that the defendant may know what the claims are and the

grounds on which they rest (in order to shape a defense).

Having said all of that, it should also be emphasized that, "[i]n reviewing a complaint for

dismissal under Fed. R. Civ. P. 12(b)(6), the court must accept the material facts alleged in the

complaint as true and construe all reasonable inferences in the plaintiff's favor."[16]  "This standard

is applied with even greater force where the plaintiff alleges civil rights violations or where the

---

prisoner's hepatis C medication had been wrongfully terminated by prison officials for a period of
approximately 18 months, the complaint (according to the district court) failed to allege facts
plausibly suggesting that the termination caused the prisoner "substantial harm."  127 S. Ct. at
2199.  The Supreme Court vacated and remanded the case because (1) under Fed. R. Civ. P. 8
and *Twombly*, all that is required is "a short and plain statement of the claim" sufficient to "give
the defendant fair notice" of the claim and "the grounds upon which it rests," and (2) the plaintiff
had alleged that the termination of his hepatitis C medication for 18 months was "endangering
[his] life" and that he was "still in need of treatment for [the] disease."  *Id*. at 2200.  While
*Erickson* does not elaborate much further on its rationale, a careful reading of the decision (and
the dissent by Justice Thomas) reveals a point that is perhaps so obvious that it did not need
mentioning in the short decision: a claim of deliberate indifference to a serious medical need
under the Eighth Amendment involves two elements, i.e., the existence of a sufficiently serious
medical need possessed by the plaintiff, and the existence of a deliberately indifferent mental
state possessed by prison officials with regard to that sufficiently serious medical need.  The
*Erickson* decision had to do with only the first element, not the second element.  *Id*. at 2199-
2200.  In particular, the decision was merely recognizing that an allegation by a plaintiff that,
during the relevant time period, he suffered from hepatis C is, in and of itself, a factual allegation
plausibly suggesting that he possessed a sufficiently serious medical need; the plaintiff need not
*also* allege that he suffered an independent and "substantial injury" as a result of the termination
of his hepatis C medication.  *Id*.  This point of law is hardly a novel one.  For example, numerous
decisions, from district courts within the Second Circuit alone, have found that suffering from
hepatitis C constitutes having a serious medical need for purposes of the Eighth Amendment.
*See, e.g., Rose v. Alvees*, 01-CV-0648, 2004 WL 2026481, at *6 (W.D.N.Y. Sept. 9, 2004);
*Verley v. Goord*, 02-CV-1182, 2004 WL 526740, at *10 n.11 (S.D.N.Y. Jan. 23, 2004); *Johnson
v. Wright*, 234 F. Supp.2d 352, 360 (S.D.N.Y. 2002); *McKenna v. Wright*, 01-CV-6571, 2002
WL 338375, at *6 (S.D.N.Y. March 4, 2002); *Carbonell v. Goord*, 99-CV-3208, 2000 WL
760751, at *9 (S.D.N.Y. June 13, 2000).

[16]     *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of
motion to dismiss) [citation omitted]; *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

complaint is submitted *pro se*."[17]  In other words, while all pleadings are to be construed liberally

under Rule 8(e), *pro se* civil rights pleadings are to be construed with an *extra* degree of

liberality.[18]

For example, the mandate to read the papers of *pro se* litigants generously makes it

appropriate to consider a plaintiff's papers in opposition to a defendant's motion to dismiss as

effectively amending the allegations of the plaintiff's complaint, to the extent that those factual

assertions are consistent with the allegations of the plaintiff's complaint.[19]  Moreover, "courts

must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that

they suggest."[20]  Furthermore, when addressing a *pro se* complaint, *generally* a district court

---

[17]     *Hernandez*, 18 F.3d at 136 [citation omitted]; *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) [citations omitted]; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) [citation omitted].

[18]     *See*, *supra*, note 4 of this Report-Recommendation.

[19]     "Generally, a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum."  *Gadson v. Goord*, 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, *inter alia*, *Gil v. Mooney*, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]).  Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'"  *Donhauser v. Goord*, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], *vacated in part on other grounds*, 317 F. Supp.2d 160 (N.D.N.Y. 2004).  This authority is premised, not only on case law, but on Rule 15 of the Federal Rules of Civil Procedure, which permits a plaintiff, as a matter of right, to amend his complaint once at any time before the service of a responsive pleading–which a motion to dismiss is not.  *See Washington v. James*, 782 F.2d 1134, 1138-39 (2d Cir. 1986) (considering subsequent affidavit as amending *pro se* complaint, on motion to dismiss) [citations omitted].

[20]     *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) [internal quotation and

"should not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated."[21]  Of course, an opportunity to

amend is not required where the plaintiff has already amended his complaint.[22]  In addition, an

opportunity to amend is not required where "the problem with [plaintiff's] causes of action is

substantive" such that "[b]etter pleading will not cure it."[23]

---

citation omitted].

[21]        *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[22]        *Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2
(E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended
complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F.Supp. 2d 375, 384
(S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).

[23]        *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted]; *see, e.g.*, *See Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7
(N.D.N.Y. May 5, 2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the error
in his complaint–the fact that plaintiff enjoyed no constitutional right of access to DOCS'
established grievance process–was substantive and not formal in nature, rendering repleading
futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2 (D. Vt. Aug. 13, 2008)
(denying *pro se* plaintiff opportunity to amend before dismissing his complaint because the errors
in his complaint–lack of subject-matter jurisdiction and lack of standing–were substantive and
not formal in nature, rendering repleading futile) [citations omitted]; *Hylton v. All Island Cob
Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro se* plaintiff
opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983 because
the errors in his complaint–which included the fact that plaintiff alleged no violation of either the
Constitution or laws of the United States, but only negligence–were substantive and not formal in
nature, rendering repleading futile); *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D.
Conn. Jan. 23, 2001) (denying *pro se* plaintiff opportunity to amend before dismissing his
complaint arising under 42 U.S.C. § 1983 because the error in his complaint–the fact that the
defendants were protected from liability by Eleventh Amendment immunity–was substantive and
not formal in nature, rendering repleading futile).

However, while this special leniency may somewhat loosen the procedural rules governing the form of pleadings (as the Second Circuit very recently observed),[24] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Rules 8, 10 and 12.[25]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Rules 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[26]  Stated more plainly, when a plaintiff is proceeding *pro se*,

---

[24]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[25]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[26]     *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . .  we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

"all normal rules of pleading are not absolutely suspended."[27]

## III.   ANALYSIS

### A.   Fourth Amendment claim

Plaintiff argues that the public strip frisk violated his Fourth Amendment rights.  (Dkt.

No. 9 at 7.)  He alleges that Defendant violated DOCS' directives regarding strip frisks by

conducting the search without permission from a higher ranking officer, in front of other inmates,

and in a filthy area with insufficient protection for Plaintiff's bare feet.  (Dkt. No. 9 at ¶¶ 12-19.)

Defendant argues that Plaintiff has failed to state a Fourth Amendment claim because "[a]n

alleged violation of a state regulation or department directive is not sufficient to state a claim for

a violation of Constitutional rights."  (Dkt. No. 43-2 at 2.)

The Fourth Amendment provides that "[t]he right of the people to be secure in their

persons . . . against unreasonable searches . . . shall not be violated."  U.S. Const. amend IV.

"What is reasonable, of course, depends on all of the circumstances surrounding the search or

seizure and the nature of the search or seizure itself."  *Skinner v. Ry. Labor Executives' Ass'n*,

489 U.S. 602, 619 (1989) [internal quotation marks and citation omitted].  "Thus, the

permissibility of a particular practice is judged by balancing its intrusion on the individual's

Fourth Amendment interests against its promotion of legitimate governmental interests."

*Skinner*, 489 U.S. at 619 [internal quotation marks and citations omitted].  In so doing, "[c]ourts

must consider the scope of the particular intrusion, the manner in which it is conducted, the

justification for initiating it, and the place in which it is conducted."  *Bell v. Wolfish*, 441 U.S.

---

[27]     *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y.

1980).

520, 559 (1979) [citations omitted], *accord*, *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992).

Strip searches conducted in a prison setting are constitutional if they are reasonably related to a legitimate penological goal and are conducted in a reasonable manner. *Frazier v. Ward*, 528 F. Supp. 80, 81 (N.D.N.Y. 1981); *Duamutef v. Leonardo*, No. 91-CV-1100, 1993 WL 428509, at *3 (N.D.N.Y. Oct. 22, 1993); *Davidson v. Kyle*, No. 01-CV-706S, 2004 WL 941458, at * 4 (W.D.N.Y. Mar. 30, 2004) (strip frisks performed pursuant to prison policies and procedures at direction of Deputy Superintendent to search for contraband were reasonably related to legitimate penological goal and conducted in reasonable manner).  "However, a strip search is unconstitutional if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish. *See, e.g.,Iqbal v. Hasty*, 490 F.3d 143, 172 (2d Cir. 2007)(pretrial detainee alleged Fourth Amendment violation where he was subjected to repeated strip and body cavity searches that were not related to legitimate government purposes and designed to punish); *Covino*, 967 F.2d at 80 (strip search accompanied by physical and verbal abuse is unconstitutional); *Hodges v. Stanley*, 712 F.2d 34, 35-36 (2d Cir. 1983) (second strip search performed soon after a first strip search served no legitimate interest when prisoner was under continuous escort); *Jean-Laurent v. Wilkerson*, 438 F. Supp. 2d 318, 323 (S.D.N.Y.2006)." *Miller v. Bailey,* No. 05-CV-5493, 2008 WL 1787692, at *9 (E.D.N.Y. Apr. 17, 2008).

Relying solely on the argument that "an alleged violation of a state regulation or department directive is not sufficient to state a claim for a violation of Constitutional rights," Defendant has not argued that he had a legitimate penological reason for conducting the strip frisk.  (Dkt. No. 43-2 at 2-3.)  Indeed, Defendant's brief does not even cite *Bell v. Wolfish*, the leading Supreme Court case on point, or any of the Second Circuit's strip frisk precedents.

14

However, a legitimate penological goal is evident from the face of the complaint: Defendant was searching for contraband. *Davidson*, 2004 WL 941458, at * 4.

Plaintiff's Fourth Amendment claim should survive this motion for judgment on the pleadings, however, because the complaint sufficiently alleges that Defendant conducted the search in an unreasonable manner.  The complaint alleges that Defendant never sought permission from a higher ranking officer for the search, searched Plaintiff in front of other inmates rather than moving him to a more private area, and conducted the search under filthy conditions.  If these facts are proved, a finder of fact could find that the search was unreasonable. Therefore, I recommend that Defendant's motion for judgment on the pleadings with respect to Plaintiff's Fourth Amendment cause of action be denied.

### B.      Eighth Amendment claim

Plaintiff claims that Defendant's conduct violated the Eighth Amendment because the strip frisk was an "unreasonable search used as a means of harassment."  (Dkt. No. 9 at 7.) Defendant moves for judgment on the pleadings with respect to Plaintiff's Eighth Amendment claim, arguing that the "harassment" Plaintiff alleges is insufficiently severe to constitute cruel and unusual punishment.  (Dkt. No. 43-2 at 3-4.)  Defendant is correct.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, 'sufficiently serious'. . . .   [Second,] a prison official must have a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prison strip frisk is not sufficiently serious to constitute a violation of the Eighth Amendment even where the frisk is accompanied by sexual conduct. *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (allegation that correctional officer touched inmate's penis during

one strip search and pressed against him sexually on another occasion insufficient to state Eighth Amendment claim); *Morrison v. Cortright,* 397 F. Supp. 2d 424 (W.D.N.Y. 2005) (allegation that correctional officer shone light up inmate's anus, ran his middle finger between inmate's buttocks causing inmate to urinate on himself, and rubbed his penis against inmate's buttocks during strip frisk insufficient to give rise to constitutional claim); *Davis v. Castleberry*, 364 F. Supp. 2d 319, 321 (W.D.N.Y. 2005) (allegation that correctional officer grabbed inmate's penis during pat frisk insufficient to state constitutional claim); *Montero v. Crusie*, 153 F. Supp. 2d 368 (S.D.N.Y. 2001) (allegation that, on several occasions, correctional officer squeezed inmate's genitalia while pat-frisking him did not show sufficiently serious deprivation to establish Eighth Amendment violation, particularly when inmate did not allege that he was physically injured by such conduct); *Williams v. Keane*, No. 95 Civ. 0379, 1997 WL 527677, at *11 (S.D.N.Y. Aug. 25, 1997) (allegation that correctional officer put his hand down inmate's pants and fondled inmates genitals during pat frisk failed to state constitutional claim).

Here, Plaintiff's allegations are insufficiently serious to state an Eighth Amendment claim. Although he alleges some irregularities in the conduct of the strip frisk, those irregularities, as discussed above, raise a Fourth Amendment claim rather than an Eighth Amendment claim. Plaintiff has not even alleged behavior as reprehensible as the sexual conduct alleged in the cases cited above. Therefore, I recommend that Plaintiff's Eighth Amendment claim be dismissed.

### C.    Vagueness

Defendant argues that Plaintiff's claim that he "sustained a painful and irritating laceration" as a result of the strip frisk is vague and should be dismissed. (Dkt. No. 43-2 at 4-5.)

16

Defendant's argument is without merit.  It is true that "[t]he Second Circuit has repeatedly held that complaints based on violations of constitutional rights must contain more than conclusory allegations to avoid dismissal."  *Id*., citing *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990) and *Barr v. Adams*, 810 F.2d 358, 363 (2d Cir. 1987).  However, the complaint here contains more than conclusory allegations.  Rather than merely making the conclusory allegation that he was injured by Defendant's conduct, Plaintiff has specifically alleged that his foot was injured because Defendant forced him to submit to a strip frisk on jagged black top.  (Dkt. No. 9 at ¶¶ 18, 21.)  Therefore, I recommend that Defendant's motion for judgment on the pleadings on the basis of vagueness be denied.

### D.     Other motions

Plaintiff alleges that Defendant and the Court have failed to respond to a motion to compel discovery, a request for counsel, and a motion for injunctive relief.  (Dkt. No. 49-2 at ¶¶ 9-10, 13.)  The docket shows that no such motions are pending in this case.  I note that Plaintiff has four other cases pending in this Court: *Murray v. Palmer*, Case No. 9:03-CV-1010 (GTS/GHL); *Murray v. Goord*, Case No. 9:05-CV-1113 (FJS/DRH); *Murray v. Wissman*, Case No. 9:05-CV-1186 (GTS/RFT); *Murray v. Goord*, Case No. 9:05-CV-1579 (FJS/DEP).  There is a motion to compel discovery pending in *Murray v. Goord*, Case No. 9:05-CV-1113 (FJS/DRH) (Dkt. No. 25.)  That case has not been referred to the undersigned, and I do not have authority to take action on it.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No.43) be **DENIED** as to Plaintiff's Fourth Amendment claim and vagueness and **GRANTED** as to

Plaintiff's Eighth Amendment claim.  It is thus **RECOMMENDED** that Plaintiff's Eighth Amendment claim be dismissed.

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day).**  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[28]

---

[28]     *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: February 2, 2009
          Syracuse, New York

George H. Lowe
United States Magistrate Judge